NOT RECOMMENDED FOR PUBLICATION
 File Name: 21a0363n.06

 No. 20-6216

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT
 FILED
 PEARL DUNLAP, ) Jul 23, 2021
 ) DEBORAH S. HUNT, Clerk
 Plaintiff-Appellant,
 )
 )
 v.
 ) ON APPEAL FROM THE
 ) UNITED STATES DISTRICT
 SEVIER COUNTY, TENNESSEE, et al.,
 ) COURT FOR THE EASTERN
 Defendants-Appellees. ) DISTRICT OF TENNESSEE
 )
 )

BEFORE: ROGERS, BUSH, and LARSEN, Circuit Judges.

 ROGERS, Circuit Judge. Jesse Dunlap initially filed this action against Sevier County,

Tennessee, and its employees and corrections officers, alleging violations of his constitutional

rights while he was an inmate in the county jail. Seven months into the discovery period, Mr.

Dunlap died. Mr. Dunlap’s attorney commenced proceedings to appoint an administrator for his

estate. While the probate process was pending, Mr. Dunlap’s attorney spent several months

attempting to negotiate a settlement and making informal discovery requests, but did not seek to

stay discovery or modify the scheduling order. Four months after Mr. Dunlap’s death, the county

jail defendants moved for summary judgment on the basis of immunity. The Dunlaps’ attorney

failed to timely respond, and instead filed three motions requesting scheduling relief and additional

time to conduct discovery. The district court denied all three of plaintiff’s motions for procedural

relief and granted summary judgment in favor of the county defendants. On appeal, Pearl Dunlap,

Jesse’s mother and now the substituted plaintiff in this case, contends that the district court abused
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

its discretion by denying the three motions for procedural relief. However, the record reveals that

Mr. Dunlap and his attorney had ample time to conduct the necessary discovery while Mr. Dunlap

was alive, and counsel’s conduct after Mr. Dunlap’s death reflects a belief that he could prosecute

the action consistent with the original schedule. The district court reasonably determined that

procedural relief was not warranted after considering all relevant factors, and the grant of summary

judgment was proper.

 Mr. Dunlap pleaded guilty to several minor criminal charges and was sentenced to serve

thirty days in the Sevier County Jail (“Jail”). He suffered from chronic mental illness, including

severe depression and paranoid delusions accompanied by suicidal ideations, for which he was

prescribed psychotropic medication. Mr. Dunlap alleged that, under his plea agreement, he was

to serve his time in the Jail’s medical ward and that the Jail would provide all medication to Mr.

Dunlap prescribed by a treating physician. When he reported to the Jail, however, a nurse

conducted an evaluation and determined that he was suicidal, and subsequently placed him on

suicide watch. He was stripped and placed in an observation cell where his behavior was

periodically recorded in a watch log. In one watch log entry, an unknown officer noted that Mr.

Dunlap was banging his head against the wall and demanding that he be given his medication. He

was reevaluated by a nurse after four days, then was released from observation and placed in the

general population. Within hours of his release, Mr. Dunlap fell off the top bunk bed in his cell

and was sent to a local hospital for treatment. After twenty-one days of incarceration, he was

released from jail without any other incidents or complaints.

 On July 5, 2018, Mr. Dunlap brought this suit alleging, among other claims, that Jail staff

had neglected serious threats to his mental and physical health during his imprisonment in violation

of the Eighth Amendment prohibition on cruel and unusual punishment. U.S. Const. amend. VIII.

 -2-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

Defendants were made up of two separate groups, the “county defendants” and the “Healthcare

defendants.” The county defendants, who are the appellees here, include Sevier County,

Tennessee, and the following individuals named both personally and in their official capacities:

Sheriff Ronald Seals, Chief Deputy Larry McMahan, Lieutenant Ian Morlean, Sergeant Kyle

Miller, Corporal David Buchanan, Officer Joey Leonard, and Officer Malcolm Brandriff. The

Healthcare defendants included QCHC, Inc., the Jail’s contractual healthcare provider, two of its

nurses, and a number of unidentified QCHC employees.

 The district court issued a scheduling order setting the deadline for completion of all

discovery by November 13, 2019. The parties completed their initial disclosures pursuant to Rule

26(f) in October 2018. Fed. R. Civ. P. 26(f). Between October 2018 and May 2019, Mr. Dunlap

issued eleven summonses and responded to written discovery from the Healthcare defendants, but

did not serve any formal discovery requests to any of the defendants during the seven-month

period.

 On May 24, 2019, Mr. Dunlap died. After “waiting an appropriate period,” Mr. Dunlap’s

attorney, Lance Baker, began working with Mr. Dunlap’s relatives to designate an administrator

for his estate. Shortly after Mr. Dunlap’s death, on May 30, 2019, Baker emailed counsel for the

county defendants to pursue settlement negotiations. The process was plagued with scheduling

conflicts and communication difficulties, and Baker observed that by August 2, 2019, it “became

clear” that the parties could not settle the case. In an email sent on August 2, 2019, Baker informed

opposing counsel that if the case were not resolved, he would need to take several depositions.

The county defendants’ counsel allegedly ignored some of Baker’s requests and refused to offer

Sheriff Seals or Chief Deputy McMahan up for depositions. In an affidavit, Baker testified that

he anticipated the defendants would move for summary judgment on qualified immunity grounds,

 -3-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

and that, based on his experience, parties were generally reluctant to engage in discovery before

the court decided the qualified immunity issue. He believed that this was the reason that neither

party responded to his informal deposition requests.

 On August 20, 2019, Baker filed a suggestion of death pursuant to Rule 25(a) alerting the

court to Mr. Dunlap’s death. Fed. R. Civ. P. 25(a). The notice stated that once the probate court

designated a legal representative for Mr. Dunlap’s estate, a motion would be filed to substitute the

administrator of the estate as the named plaintiff.

 Before an administrator was appointed, however, the county defendants moved for

summary judgment on September 16, 2019, on the basis of qualified immunity for the individual

defendants and on the basis that the county was not liable under Monell v. Department of Social

Services, 436 U.S. 658 (1978). On the day of the deadline to respond, Baker moved to defer ruling

on the summary judgment motion pending limited discovery pursuant to Rule 56(d), but did not

respond to the merits of the summary judgment motion. Fed. R. Civ. P. 56(d). Baker submitted

an affidavit stating that he had been working to appoint Mr. Dunlap’s mother, Pearl Dunlap, as the

administrator of his estate. Baker noted that the parties had conducted little discovery because of

“settlement discussions” and various communications and scheduling issues in addition to Mr.

Dunlap’s death. Baker thus requested additional time so that, once she was substituted as the

plaintiff, Pearl Dunlap could depose a number of the named defendants. In the alternative, Baker

requested an additional 21 days to respond to the summary judgment motion, pointing to his efforts

in probate court and another case where he had a pressing statute of limitations deadline. This

request fell under Rule 6(b)(1). Fed. R. Civ. P. 6(b)(1).

 On October 24, 2019, Baker moved to substitute Pearl Dunlap as the plaintiff, which the

magistrate judge granted the following month.

 -4-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

 On February 27, 2020, the district court denied the Rule 56(d) motion. The court ruled that

plaintiff had not “established good grounds to defer a ruling on the motion” because she had “not

presented any plausible specific reasons why she could not have obtained the facts essential to her

opposition through the usual means and within the time previously allowed for discovery in this

matter.” The court observed that Mr. Dunlap and plaintiff did not serve a single discovery request

during the lengthy pendency of the litigation and did not seek to compel discovery under the court’s

guidelines or the procedures described in Rule 37(a). Fed R. Civ. P. 37(a). The court further

declined to give plaintiff additional time to file a response to the summary judgment motion.

 On March 1, 2020, plaintiff moved to dismiss the case without prejudice pursuant to Rule

41(a)(2). Fed. R. Civ. P. 41(a)(2). The court denied the motion with respect to the county

defendants, ruling that dismissal without prejudice would cause them to suffer legal prejudice as

they had already undertaken modest efforts to prepare for trial and had filed a dispositive motion

in advance of the request for dismissal, and because plaintiffs had been dilatory in their efforts to

obtain discovery in the first place. The court did, however, grant the motion to dismiss plaintiff’s

claims against the Healthcare defendants, observing that the same factors did not weigh as heavily

in the Healthcare defendants’ favor. The court thereafter granted summary judgment in favor of

the county defendants on all claims. Plaintiff timely appealed.

 Plaintiff raises five issues on appeal. In the first three, she argues that the district court

abused its discretion by denying her Rule 56(d), Rule 6(b)(1), and Rule 41(a)(2) motions. “With

good reason, district courts ordinarily enjoy broad discretion in matters of pretrial management,

scheduling, and docket control.” Kimble v. Hoso, 439 F.3d 331, 336 (6th Cir. 2006). Analyzing

the relevant factors for each motion, the court reasonably concluded that the requested procedural

relief was not warranted, and the denials were a proper exercise of the court’s discretion. Next,

 -5-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

plaintiff contends that the court abused its discretion by not staying the litigation as a matter of

course once it learned that Mr. Dunlap had died. However, this argument was not raised before

the district court and is forfeited on appeal. Lastly, plaintiff challenges the grant of summary

judgment in favor of the county defendants, but a review of the record confirms the lack of any

genuine dispute of material fact.

 A. Rule 56(d) Motion

 First, the district court did not abuse its discretion when it denied plaintiff’s motion to defer

ruling on the summary judgment motion under Rule 56(d). Rule 56(d) permits the district court

to defer consideration of a summary judgment motion, “[i]f a nonmovant shows by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition.”

The Dunlaps had sufficient time and opportunity to collect the information necessary to contest

summary judgment, as the case remained pending for fourteen months before the county

defendants filed their motion. Mr. Dunlap had at least seven months to engage in formal discovery,

and Baker made no serious effort to collect discovery in the four months after Mr. Dunlap’s death.

Baker similarly made no attempt to stay discovery and preserve plaintiff’s ability to conduct

discovery in the future. “An abuse of discretion occurs when the reviewing court is left with the

definite and firm conviction that the trial court committed a clear error of judgment,” which

requires that the trial court’s ruling “was arbitrary, unjustifiable, or clearly unreasonable.” FTC v.

E.M.A. Nationwide, Inc., 767 F.3d 611, 623 (6th Cir. 2014) (quoting United States v. Hunt, 521

F.3d 636, 648 (6th Cir. 2008)). There was no such abuse in this case.

 Consideration of the factors our court applies when determining whether relief under Rule

56(d) is warranted shows that the district court made no clear error of judgment. These factors

are: “(1) when the appellant learned of the issue that is the subject of the desired discovery; (2)

 -6-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

whether the desired discovery would have changed the ruling below; (3) how long the discovery

period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether

the appellee was responsive to discovery requests.” Plott v. Gen. Motors Corp., Packard Elec.

Div., 71 F.3d 1190, 1196-97 (6th Cir. 1995) (internal citations omitted).

 The first Plott factor—when plaintiff first learned of the issue—supports the district court’s

decision. The Dunlaps and Baker knew of the relevant issues as early as September 2018, because

the county defendants plainly pleaded qualified immunity and other immunity defenses in their

answer to the complaint. Baker even testified that based on his “experience prosecuting civil rights

cases, [he] anticipated that one or more of the Defendants would be filing a motion to dismiss or

even a motion for summary judgment based, at least in part, on the qualified immunity defense.”

Mr. Dunlap’s sudden death does not affect the analysis of this factor. Plaintiff concedes that Baker

had all of the exhibits underlying the summary judgment motion in-hand by January 2019, well

before Mr. Dunlap’s death. If Mr. Dunlap’s testimony was truly necessary to dispute these

arguments, then Baker had at least five months to depose him. The Dunlaps and Baker therefore

had sufficient notice of the relevant issues.

 The weight of the second Plott factor—whether the desired discovery would have changed

the outcome—is unclear. The district court did not expressly consider this factor. Plaintiff

contends that defendants’ deposition testimony would reveal facts sufficient to establish liability

on the part of the Jail and the corrections officers who interacted with Mr. Dunlap. For the sake

of argument, we assume without deciding that this factor weighs in favor of granting plaintiff’s

motion.

 The third Plott factor supports the district court’s decision, because the length of the

discovery period was more than sufficient to obtain the information that plaintiff desired. Even

 -7-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

accepting as true plaintiff’s assertion that the discovery period was seven months long, beginning

after initial disclosures were completed in October 2018 and ending when Mr. Dunlap died in May

2019, this was more than enough time to engage in formal discovery efforts. In Jordan v. City of

Detroit, 557 F. App’x 450, 456 (6th Cir. 2014), we held that seven months was a “reasonable time

frame” for discovery in a § 1983 action against a municipality. In Prewitt v. Hamline University,

764 F. App’x 524, 532-33 (6th Cir. 2019), we deemed a discovery period lasting approximately

six months reasonable in a race discrimination suit. Plaintiff’s asserted discovery period of seven

months falls squarely within the range of timeframes that we have considered reasonable.

Moreover, Baker’s actions indicate that he believed the discovery period extended beyond Mr.

Dunlap’s death. Baker sought to obtain discovery from the defendants in August 2019, months

after his client’s death, sending opposing counsel email requests to schedule depositions. This

would suggest that the discovery period lasted at least eleven months, up until the summary

judgment motion was filed. In any event, we need not decide the actual timeframe for discovery;

plaintiff’s proffered period of seven months was itself sufficient for completing discovery in this

case, particularly given Baker’s contention below that the “limited discovery” he desired would

only require a little over two months’ time to complete.

 The fourth Plott factor—whether plaintiffs were dilatory in their discovery efforts—also

supports the district court’s decision. Baker admitted below that after exchanging initial

disclosures, Mr. Dunlap only responded to written discovery from the Healthcare defendants in

April 2019. This was the “extent of discovery.” Plaintiff offers no good reason why Mr. Dunlap

and Baker could not have issued a single discovery request upon the various defendants during the

seven- to eleven-month discovery period. Plaintiff argues that the original litigation strategy was

to rely solely on Mr. Dunlap’s testimony to prove a constitutional violation, and that his death

 -8-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

forced her into seeking depositions from the defendants at such a late stage. This argument is

unavailing. Mr. Dunlap’s testimony alone likely would not have been enough to demonstrate a

constitutional violation. Such a violation requires showing that the defendant perceived and

ignored the inmate’s objectively serious medical need. Richmond v. Huq, 885 F.3d 928, 938 (6th

Cir. 2018). In all likelihood, the officers’ testimony would be necessary to determine the extent

of their knowledge and whether they relied on a medical professional’s assessment of Mr. Dunlap’s

condition. McGaw v. Sevier Cty., 715 F. App’x 495, 497-98 (6th Cir. 2017). Similarly, if plaintiff

intended to prove that Sevier County was liable under § 1983 under the theory that the

constitutional violation here occurred because of “a custom of tolerance or acquiescence of federal

rights violations,” see Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005), it likely

would have needed more than Mr. Dunlap’s testimony.

 Baker admits that he began his efforts to schedule depositions in August 2019, eleven

months after he learned of the immunity defenses in the Amended Answer and ten months after

the initial Rule 26(f) disclosures were completed. This was an inexplicably lengthy delay. In

Dowling v. Cleveland Clinic Foundation, 593 F.3d 472, 480 (6th Cir. 2010), we held that plaintiffs

were dilatory in seeking discovery where they “did not conduct discovery for substantial periods

of time and then only through very informal and vague emails.” The Dowling plaintiffs waited

until eight months into the discovery period to serve their first informal discovery request. Id. at

479-80. Here, the Dunlaps and Baker took essentially no advantage of the discovery period, and

the court reasonably concluded that additional time for discovery was not warranted. This factor

has substantial weight in our analysis, as the “main inquiry is ‘whether the moving party was

diligent in pursuing discovery.’” E.M.A. Nationwide, 767 F.3d at 623 (quoting Dowling, 593 F.3d

at 478). The resolution of this factor in favor of the county defendants therefore outweighs the

 -9-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

second factor assumed to favor plaintiff and underscores why the court’s decision did not

constitute an abuse of discretion.

 Finally, the fifth Plott factor—defendants’ responsiveness to discovery requests—also

supports the district court’s decision. We analyze this factor in the context of whether the appellee

missed any discovery deadlines, failed to turn over critical documents in response to a request for

production, or failed to respond to the appellant’s initial discovery requests. See, e.g., Cline v.

Dart Transit Co., 804 F. App’x 307, 316 (6th Cir. 2020); Doe v. City of Memphis, 928 F.3d 481,

495 (6th Cir. 2019). Here, there is nothing in the record to suggest that the county defendants

missed any discovery deadlines or were unresponsive to a formal discovery request. The county

defendants dispute that they resisted taking any depositions and contend on appeal that Baker’s

attempts to take depositions were “half-hearted and fleeting.” Because Baker’s email exchanges

with opposing counsel are not in the record, it is impossible to determine the scope or specificity

of the discovery requests.

 Thus, even if we assume the second Plott factor falls in plaintiff’s favor, the Plott factors

support the district court’s decision, and the denial of the Rule 56(d) motion was not an abuse of

its discretion.

 B. Rule 6(b)(1) Motion

 Additionally, it was not an abuse of discretion for the district court to deny Baker’s request

for additional time to respond to the summary judgment motion. Rule 6(b)(1) provides that a court

“may” extend the time for a party to act if the party shows “good cause,” but it is not required to

grant such a request. Fed. R. Civ. P. 6(b)(1). Baker’s request, which was tucked into a single

paragraph at the end of the Rule 56(d) motion and did not cite Rule 6(b)(1), was based on his

“efforts to get a family member appointed as administrator of Mr. Dunlap’s estate and a pressing

 -10-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

statute of limitations deadline.” Plaintiff argues that the district court erred by not even considering

the motion, pointing to the court’s statement that “the plaintiff never sought leave to file a response

out of time.” Although inaccurate, the court’s statement did not constitute an abuse of discretion

because the court’s order set forth its reasoning for why there was no good cause to delay the

proceedings. The court observed that the Dunlaps and Baker had known of the issues underlying

the summary judgment motion well in advance of the motion’s filing, casting doubt on any claims

that they did not have enough time to adequately prepare a response. The court concluded that

there was no “good reason” to delay ruling on the issues presented because the “pertinent issues

of fact and law” were identifiable from the briefing. This conclusion was not clearly unreasonable,

particularly in light of the court’s earlier determination that the Dunlaps had failed to engage in

any meaningful effort at discovery, leaving only sparse record for the court to review. District

courts have “inherent authority to control [their] docket in promoting economies of time and effort

for the court, the parties, and the parties’ counsel.” Jordan, 557 F. App’x at 456-57. (internal

quotation marks and citation omitted). The court enjoyed broad discretion to modify the case

management schedule, and it reasonably exercised that discretion in deciding that there was no

good reason to grant plaintiff additional time.

 C. Rule 41(a)(2) Motion

 The district court also did not abuse its discretion in denying plaintiff’s Rule 41(a)(2)

motion to voluntarily dismiss the action without prejudice with respect to the county defendants.

Fed. R. Civ. P. 41(a)(2). The court reasonably concluded that dismissal would prejudice the county

defendants in light of their modest efforts at trial preparation, the Dunlaps’ lack of diligence in

pursuing discovery, and the filing of the summary judgment motion. Rule 41(a)(2) provides, in

relevant part: “an action may be dismissed at the plaintiff’s request only by court order, on terms

 -11-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

that the court considers proper.” Fed. R. Civ. P. 41(a)(2). Whether dismissal should be granted

“is within the sound discretion of the district court.” Grover by Grover v. Eli Lilly & Co., 33 F.3d

716, 718 (6th Cir. 1994) (citing Banque de Depots v. Nat’l Bank of Detroit, 491 F.2d 753, 757 (6th

Cir.1974)). These motions should generally be granted unless “defendant would suffer ‘plain legal

prejudice’ as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a

second lawsuit.” Id. (citation omitted). The factors we consider in this context, as set out in

Grover, show that the district court did not abuse its discretion. These factors are: “defendant’s

effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the

plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and

whether a motion for summary judgment has been filed by the defendant.” Id.

 First, in addition to timely serving initial disclosures upon Baker and submitting a final

witness list, the county defendants also undertook the effort and expense of moving for summary

judgment and responding to plaintiff’s various procedural motions. The district court reasonably

characterized these efforts at preparing for trial as modest but still tangible. The case was pending

for over a year, and the defendants’ activities were directed at matters that either advanced

discovery or the litigation as a whole. More significantly, the court’s decision was grounded in its

analysis of the second Grover factor, finding that the Dunlaps lacked diligence in prosecuting this

action. The court observed that “there is no excuse apparent from the record for the complete

failure by plaintiff’s counsel to make any detectable effort to obtain the discovery that the plaintiff

now says she needs to rebut the defendants’ challenges. That lack of diligence contrasts with

conduct of the county defendants’ counsel, who worked up the case within the original case

management timeline established by the Court.” The analysis of the Rule 56(d) factors confirms

this view. Third, the court reasonably explained that dismissal was not warranted where plaintiff’s

 -12-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

only justification was an “obvious desire to restart the litigation and secure by other means the

scheduling relief” that was previously denied, which plaintiff does not dispute here. Fourth, the

court reasonably concluded that voluntary dismissal would cause the county defendants to suffer

plain legal prejudice where they had filed a summary judgment motion months before plaintiff

filed her Rule 41(a)(2) motion. Prejudice is especially likely where plaintiff failed to file a timely

response to the county defendants’ summary judgment motion and it was virtually certain that she

would receive an adverse judgment. “At the point when the law clearly dictates a result for the

defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the

case without prejudice.” Grover, 33 F.3d at 719.

 Thus, the court’s evaluation of the Grover factors was reasonable, and its decision to deny

plaintiff’s motion was not an abuse of its discretion.

 D. Automatic Stay

 Plaintiff argues for the first time on appeal that Mr. Dunlap’s death terminated Baker’s

authority to act, including any authority to compel or stay discovery or modify the scheduling

order, and therefore it was an abuse of discretion for the court to not automatically stay the

litigation upon learning of Mr. Dunlap’s death. Because the argument was not raised below, it is

forfeited.

 In his two affidavits, Baker never claimed that Mr. Dunlap’s death terminated his authority

to act or made it impossible to obtain discovery. Rather, Baker stated that a variety of factors got

in the way of deposition discovery, including: “settlement discussions, various communications

issues among counsel, the unavailability of counsel, Mr. Dunlap’s death, and the delay by defense

counsel in responding to [Baker’s] request to schedule depositions.” Baker did not, at any point

 -13-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

in the litigation, claim that Mr. Dunlap’s death divested him of authority to act. Plaintiff and Baker

also never requested a stay below.

 Consequently, because this argument was not properly raised before the district court, it

was forfeited. “[A]ppellate courts ordinarily abstain from entertaining issues that have not been

raised and preserved in the court of first instance.” Wood v. Milyard, 566 U.S. 463, 473 (2012).

Despite this general rule, we may exercise our discretion to review issues raised for the first time

on appeal in exceptional circumstances. Plaintiff argues that this is one of those times. Four

factors guide the exercise our of discretion in such matters, though none applies with enough force

to merit review of plaintiff’s new arguments. They are:

 1) whether the issue newly raised on appeal is a question of law, or whether it
 requires or necessitates a determination of facts; 2) whether the proper resolution
 of the new issue is clear beyond doubt; 3) whether failure to take up the issue for
 the first time on appeal will result in a miscarriage of justice or a denial of
 substantial justice; and 4) the parties’ right under our judicial system to have the
 issues in their suit considered by both a district judge and an appellate court.

Fifth Third Bank v. Lincoln Fin. Sec. Corp., 453 F. App’x 589, 596 (6th Cir. 2011) (quoting

Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 552 (6th Cir. 2008)).

 These factors do not support consideration of plaintiff’s new argument. Although the

question of whether Mr. Dunlap’s death terminated Baker’s authority to act is a question of law,

the proper resolution of the issue in this case is not clear beyond doubt. Plaintiff cites Tennessee

law and the Restatement of the Law Governing Lawyers for the proposition that a client’s death

terminates the attorney’s authority to act. Darling Stores v. Fid.-Bankers Tr. Co., 156 S.W.2d 419,

422 (Tenn. 1941). However, the Restatement provides that “[i]n extraordinary circumstances, the

lawyer may exercise initiative, for example taking an appeal when the time for doing so would

expire before a personal representative could be appointed.” Restatement (Third) of the Law

Governing Lawyers § 31 (2000), comment e. Here, the need to conduct discovery and preserve

 -14-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

Mr. Dunlap’s claims could potentially qualify as an extraordinary circumstance, thereby permitting

Baker to move to compel discovery or stay the case even before Pearl Dunlap was substituted as

the plaintiff. If Baker believed that he had the authority to take the “extraordinary step” of filing

the Rule 56(d) motion, it is inexplicable why he would not have the authority to request a stay. In

any event, plaintiff’s entire argument is belied by the fact that Baker did act as though he had the

authority to prosecute this action after Mr. Dunlap’s death, given his attempts to negotiate a

settlement with the county defendants and schedule depositions. It strains credulity to believe that

Baker would have authority to ultimately dispose of Mr. Dunlap’s claims, but not to request that

the court stay the litigation or modify the scheduling order to accommodate the appointment of a

substitute plaintiff. Lastly, our decision not to take up this issue would not lead to a miscarriage

of justice, as the Dunlaps had more than enough time to engage in formal discovery and to request

a stay after Mr. Dunlap’s death. As we stated in Nelson v. Tennessee Gas Pipeline Co., 243 F.3d

244, 250 (6th Cir. 2001), “fairness does not require that a plaintiff . . . be afforded a second chance

to . . . shore up his case before the court may consider a defendant’s motion for summary

judgment.” Thus we exercise our discretion to decline review of this issue in the first instance.

 E. Summary Judgment

 Finally, plaintiff challenges the district court’s grant of summary judgment, claiming it was

“based upon a misapprehension of record facts and a misapplication of applicable law.” This

argument is without merit. Although the county defendants’ summary judgment motion was

unopposed, the court was required to “review carefully the portions of the record submitted by the

moving party to determine whether a genuine dispute of material fact exists.” E.M.A. Nationwide,

767 F.3d at 630. The district court did so here.

 -15-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

 To show that the county defendants had violated Mr. Dunlap’s constitutional rights under

the Eighth Amendment, the evidence had to demonstrate that the defendants perceived and ignored

his objectively serious medical needs. See Richmond, 885 F.3d at 938. Examining the sparse facts

in the record, the district court observed that there was no evidence that the county defendants

were aware of and ignored any objectively serious medical need. The medical intake form noted

that Mr. Dunlap had mental health issues, and after being evaluated by a medical professional, he

was placed on suicide watch to address that serious risk to his health and safety. When he fell off

of his bunk, he was taken to the hospital for treatment. In this respect, every serious medical need

reflected in the record was appropriately handled by the prison officials.

 Plaintiff contends that Mr. Dunlap had another objectively serious medical need—the need

to receive his psychotropic medication—and the prison officials were deliberately indifferent by

denying him that medication. For proof, plaintiff points to a single watch-log entry, written by an

unknown officer, stating: “[inmate] is having serious problems, banging head on concrete,

screaming he needs his meds, will follow up [with] intake nurse who verified meds to find out if

[doctor] approved any.” However, this entry does not establish that prison officials perceived and

ignored any serious medical needs. In fact, the latter portion of the entry indicates that the prison

official who observed Mr. Dunlap’s behavior intended to consult the jail nurse to see if Mr. Dunlap

had been prescribed any medication. This entry therefore shows that the prison official intended

to address Mr. Dunlap’s medical needs, not ignore them. Moreover, this entry shows that the

prison official was attempting to follow the guidance of a medical professional. It is not

“unconstitutional for municipalities and their employees to rely on medical judgments made by

medical professionals responsible for prisoner care.” Graham, 358 F.3d at 384 (internal quotation

marks and citation omitted). Furthermore, as the district noted, the vast majority of the watch long

 -16-
No. 20-6216, Dunlap v. Sevier County, Tenn., et al.

entries stated that Mr. Dunlap was having no issues, and the entry plaintiff cites is the only one

where there is any suggestion that he had any issues while under observation. Therefore this

incident does not raise a genuine dispute of material fact as to whether any of the prison officials

were deliberately indifferent toward Mr. Dunlap’s medical needs.

 Lastly, the district court properly noted that Sevier County could not be held liable because

there were no facts in the record showing that any unconstitutional custom, policy, or practice of

the county had a role in causing Mr. Dunlap the alleged harm. Consequently, the county was

entitled to judgment as a matter of law. Monell, 436 U.S. at 691. Thus, there was no genuine

dispute of material fact with respect to the county defendants’ Monell defenses.

 For the foregoing reasons, the district court’s denial of plaintiff’s motions for procedural

relief did not constitute an abuse of discretion, and we affirm the grant of summary judgment in

favor of the county defendants.

 -17-